IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
00 FEB -4 PM 5:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
FEB - 4 2000

| | |
|---|---|
| COMPREHENSIVE ANESTHESIA SERVICES, P.C.; ALLEN CAMPBELL, M.D.; SUBBA R. CHENUMOLU, M.D.; R. JAMIE CLARK, M.D.; MEENASHKI DAYAL, M.D.; M. SCOTT DEGRAAFF, M.D.; C. TEMPLE ESTOPINAL, M.D.; CARA GRECO, M.D.; MICHAEL HOGER, D.O.; KYLE M. JONES, M.D.; CHARLES I. LEE, M.D.; PETER C. LOUX, D.O.; JAMES T. MCGRIFF, M.D.; GRIGOR MERIJANIAN, M.D.; MICHAEL L. MUELLER, M.D.; JESS T. POWER, M.D.; D. KEITH RATHEL, M.D.; H. MASON ROBERTSON, M.D.; DANIEL E. SKINNER, M.D.; P. TODD SPEAKMAN, M.D.; DAVID L. WEST, M.D.; PETER L. WICK, M.D.; B. BRUCE WINGO, M.D.; HENRY J. YOUNES, D.O., Plaintiffs, vs. CRESTWOOD HEALTHCARE, L.P., Defendant. | Civil Action No. CV00-S-241-NE |

## MEMORANDUM OPINION

This action is before the court on the motions of defendant[1] to continue the hearing on plaintiffs' application for preliminary injunctive relief (doc. no. 10), and for an increase in the amount

---

[1] The party originally enjoined by this court was incorrectly denominated by plaintiffs as "Crestwood Medical Center, L.L.C." By order entered this date, the court granted plantiffs' motion to substitute "Crestwood Healthcare, L.P." for that entity *nunc pro tunc*.

of bond (doc. no. 14). Specifically, defendant requests that the hearing, originally scheduled to commence at 9:30 a.m. on February 4, 2000, be continued until February 22, 2000. Defendant also requests that the bond, originally set by the court at $10,000, be increased to $100,000. Upon consideration of the motions, the consent of defendant (doc. no. 13),[2] plaintiffs' consent to the continuance (doc. no. 17), and the parties' joint stipulation to increase the bond amount (doc. no. 18), the court finds that the hearing on plaintiffs' application for preliminary injunctive relief is due to be continued until February 22, 2000, and that plaintiffs' bond is due to be increased to $50,000.

Defendant requests that the hearing date be continued until February 22, 2000, which is twenty-two days after the entry of the

---

[2] Upon receipt of defendant's motion for continuance (doc. no. 10), this court held a status conference in chambers on February 2, 2000, during which the court discussed its docket conflicts for the forthcoming weeks. That conference was attended by J. Andrew Watson, III, counsel for plaintiffs, and, Frank K. Noojin, Jr., and David R. Pace, counsel for defendant.

Although defendant originally requested an extension of "approximately one week," defendant changed its request after considering the available dates on the court's docket. The court also reminded the parties that it required additional time to issue a written decision, as required by Rule 65(d) of the Federal Rules of Civil Procedure, beyond the selected hearing date.

Accordingly, counsel for defendant agreed to consent that the temporary restraining order, entered by this court on January 31, 2000 (doc. no. 7), would remain in full force and effect until such time as this court ruled on plaintiffs' application for a preliminary injunction, provided that the court continue the hearing to a date after February 4, 2000, in order to allow defendant sufficient time to prepare. Thereafter, defendant formalized its attorneys' verbal representations by filing a written consent to the extension of this court's temporary restraining order (doc. no. 13).

2

temporary restraining order. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, a temporary restraining order

> shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period <u>or unless the party against whom the order is directed consents that it may be extended for a longer period</u>.

Fed. R. Civ. P. 65(b) (emphasis supplied). Normally, therefore, a TRO is not effective for more than twenty days, consisting of the original ten-day restraint, plus an additional "like period" which may be granted upon a showing of good cause. See *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). The Eleventh Circuit has held, and the emphasized portion of Rule 65(b) set out above clearly indicates, however, that such limitation does not apply when all parties consent to the extension of the order:

> This rule has been interpreted to mean that a temporary restraining order continued without the consent of the parties beyond the twenty day maximum may be treated as a preliminary injunction. <u>Conversely, a temporary restraining order issued or extended with the consent of all parties remains a nonappealable order</u>.

*Id.* at 428-29 (citing *Ross v. Evans*, 325 F.2d 160 (5th Cir. 1963)[3] (emphasis supplied)).

Accordingly, this court shall grant defendant's motion for an

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

3

extension, ever mindful of the fact that defendant has expressly consented and, indeed, requested an extension.

With these thoughts in mind, the court turns its attention to the pertinent bond issue. This court originally set plaintiffs' bond in the amount of $10,000, in part, because the court simultaneously set the matter for a preliminary injunction hearing the following Friday, a mere four calendar days after the entry of the TRO. In so doing, the court was cognizant of the fact that defendant's potential damages probably would not exceed the bond amount in such a short period of time.

In light of the requested extension of time, however, the court agrees with defendant that the bond should be increased, but not to the extent requested. Defendant has submitted the affidavit of Thomas Weiss, its Chief Executive Officer, who avers that Crestwood has

> entered into a temporary contract for the provision of anesthesia services ... beginning January 17, 2000 and continuing until a permanent anesthesia services contract could be executed, which was anticipated to be on or about February 1, 2000. The permanent anesthesia services contract is currently the subject of [this court's] temporary restraining order prohibiting its execution....

(Weiss' affidavit (doc. no. 15) ¶ 7.)   Under the "temporary contract," defendant agreed to compensate Michael Pesce &

4

Associates Anesthesia Medical Group, Inc. ("Pesce"), at the rate of "$150 per hour, per physician, and $95 per hour, per [certified registered nurse anesthetist]," plus "time and [a] half for overtime, and a set ... hourly fee for on-call coverage in the event [personnel] was needed at Crestwood during non-business hours."  (*Id.* ¶ 8.)  Weiss estimates that those rates, when considered in conjunction with the invoice Pesce submitted for the period of January 17, 2000 to January 23, 2000, result in an approximate daily cost to defendant of $9818.89.  For those reasons, defendant requested that plaintiffs' bond be increased to $100,000.

The Federal Rules of Civil Procedure require the posting of a bond "in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  This rule invests the district court with considerable discretion in determining the proper amount of bond and, in some instances, the district judge may exercise that discretion by setting "the amount of security at a level that is likely to be below the actual costs and damages that the enjoined or restrained party may suffer if the order proves to have been improvidently granted."  11A C. Wright, A. Miller & E. Cooper,

5

*Federal Practice & Procedure* § 2954 at 298 (2d ed. 1984). One such exception that has been recognized is so-called "public interest litigation," in which "individuals or groups attempt to enjoin the government or business organizations from engaging in activities that allegedly will cause irreparable injury to some general social policy...." *Id.* at 300. Because plaintiffs have alleged that this case involves violations of the Medicare-Medicaid Antikickback Statute, 42 U.S.C. §§ 1320a-7, 1320a-7a, and 1320a-7b, the court finds that this case falls squarely within that exception.

While this court was considering the proper amount, and after the court had decided to increase the bond to $50,000, the parties independently confirmed the court's judgment by filing a stipulation to that same effect. (*See* doc. no. 18.) That potentially thorny issue having been serendipitously decided alike by court and counsel acting separately, the court likewise encourages the parties to confirm the court's opinion that this is a case that should be settled. The parties should use this two week extension wisely and engage in settlement discussions.

In any event, an order consistent with this memorandum opinion will be entered contemporaneously herewith.

6

DONE this **4th** day of February, 2000.

*/s/ Lynwood Smith*
United States District Judge

7